NO.  07-02-0178-CR
07-02-0179-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 24, 2002

_____


KEITH O'BRYANT MOSLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 9TH DISTRICT COURT OF WALLER COUNTY;

NOS. 10712, 10713; HONORABLE WOODY DENSEN, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Keith O'Bryant Mosley has given notice of appeal from convictions and sentences in cause numbers 10712 and 10713 in the 9th District Court of Waller County, Texas (the trial court), for delivery of a controlled substance.  The clerk of this court received and filed the trial court clerk's record on April 19, 2002.  The trial court reporter's record was due to be filed no later than May 15, 2002, according to this court's extension of the due date for such record.  The clerk of this court is in receipt of a letter from the court

reporter which was filed on June 14, 2002, which advises that (1) appellant has neither paid nor made arrangements to pay for the reporter's record on appeal, (2) appellant has not made any designation of record on appeal, and (3) no reporter's record is being prepared. No reporter's record has been filed. The clerk's record in this court reflects no further action by any party to the appeal to prosecute the appeals.

Accordingly, the appeals are abated and the causes are remanded to the trial court. TEX. R. APP. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute the appeals; (2) if appellant desires to prosecute the appeals, then whether appellant is indigent, and if not indigent, whether counsel for appellant has abandoned the appeals; (3) if appellant desires to prosecute the appeals, whether appellant's present counsel should be replaced; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeals if appellant does not desire to prosecute the appeals, or, if appellant desires to prosecute the appeals, to assure that the appeals will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a reporter's record; and (4) have a record of the proceedings

2

made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record. In the absence of a request for extension of time, the supplemental clerk's record, reporter's record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than July 26, 2002.

Per Curiam

Do not publish.